IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CITY OF CORPUS CHRISTI | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 2:21- CV-247 |
| | § | |
| J.S. HAREN COMPANY and | § | |
| MERCHANTS BONDING COMPANY | § | |
| (Mutual) | § | |

**DEFENDANTS J.S. HAREN COMPANY AND MERCHANTS BONDING COMPANY (MUTUAL)'S NOTICE OF REMOVAL**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants J.S. Haren Company ("J.S. Haren") and Merchants Bonding Company (Mutual) ("Merchants Bonding") (collectively "Defendants"), by and through their counsel, and pursuant to 28 U.S.C. §§1332, 1441 and 1446, hereby file this Notice of Removal based on diversity jurisdiction and would show the Court as follows:

**I.**
**SUMMARY OF ARGUMENT**

1. Removal of this matter is proper because complete diversity exists between Plaintiff and Defendants and the amount in controversy exceeds the jurisdictional minimum amount of $75,000.00.

**II.**
**BACKGROUND AND FACTUAL PROCEDURAL HISTORY**

2. On September 24, 2021, the City of Corpus Christi ("Corpus" or "Plaintiff") filed suit against J.S. Haren and Merchants Bonding in state court cause number 2021-CCV-61178-3; *City of Corpus Christi v. J.S. Haren Company and Merchants Bonding Company (Mutual)*; in the County Court at Law No. 3 of Nueces County, Texas asserting claims for breach of contract, negligence, negligent misrepresentation, negligent hiring, training and supervision, and vicarious liability. Plaintiff alleges that it sought goods, services and work for the McBride Lift Station and

Force Main Improvements Project No. E14054 (the "Project").[1] During the course of the Project, Plaintiff alleges Defendant J.S. Haren performed substandard and defective work before abandoning the Project, resulting in failures to structural and other elements of the Project.[2] Plaintiffs allege Defendant Mutual failed to perform an adequate investigation concerning Plaintiff's claim, and failed to comply with its obligations under the performance bond.[3] Plaintiff claims it suffered damages in excess of $1,000,000.[4]

3.  Plaintiff served Defendant J.S. Haren on October 11, 2021.[5] Plaintiff served Defendant Merchants Bonding on October 11, 2021.[6]

4.  Defendants timely remove this matter to Federal Court on the basis of diversity jurisdiction because complete diversity exists between Plaintiff and Defendants and the amount in controversy exceeds the statutory minimum.

### III.
### REMOVAL IS TIMELY

5.  This notice of removal is timely under 28 U.S.C. § 1446(b) because it is filed within thirty (30) days of receipt of this lawsuit by Merchants Bonding[7] and J.S. Haren.[8]

### IV.
### DIVERSITY JURISDICTION EXISTS FOR ALL PARTIES TO THE SUIT

6.  Under 28 U.S.C. § 1441(a), "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Further, pursuant to 28 U.S.C. § 1332(a), district courts

---

[1] See **Exhibit A ¶ 9,** a true and correct copy of Plaintiff's Original Petition.
[2] *Id.* at ¶ 10-32.
[3] *Id.* at ¶ 31.
[4] *Id.* at ¶ 8.
[5] See **Exhibit B.**
[6] See **Exhibit C.**
[7] See *id.*
[8] See **Exhibit B.**

have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different States."

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, in that there is complete diversity of citizenship between the parties and the damages sought exceed the sum of $75,000.00.

### A. There is complete diversity of citizenship among the parties.

8. In their petition, Plaintiff alleges that they are a municipality located within Nueces County, Texas.[9] A city is deemed a citizen of the state in which it is located.[10] Thus, Plaintiff is now and was at the time this action was commenced, a citizen of the State of Texas.

9. All Defendants in this matter are corporations. Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of a State by which it has been incorporated and of the State where it has its principal place of business." Defendants' states of incorporation and principal places of business are as follows:

> J.S. Haren Company: State of Incorporation: Tennessee; Principal Place of Business: 1175 Highway 11, Athens, Tennessee.
>
> Merchants Bonding Company (Mutual): State of Incorporation: Iowa; Principal Place of Business: 6700 Westown Parkway West Des Moines, IA 50266.

10. No defendant in this matter, properly joined, is a citizen of the State of Texas. Thus, complete diversity exists among the parties in accordance with 28 U.S.C. §§ 1332 and 1441, et seq. and the forum-defendant rule, 28 U.S.C. 1441(b)(2), does not bar removal.

---

[9] *See* **Exhibit A ¶ 2.**
[10] *See J.A. Olson Co. v. City of Winona, Miss.*, 818 F.2d 401, 404 (5th Cir.1987).

**B.     Defendant did not waive its right to removal in federal court.**

11.     Plaintiff alleges venue is mandatory in Nueces County, Texas, pursuant to the contract between Plaintiff and Defendant J.S. Haren. The contractual provision does not waive Defendant's right to removal in federal court. The relevant contractual provision states:

> ARTICLE 9- VENUE
> 9.01    Bidder (J.S. Haren) agrees that venue shall lie exclusively in Nueces County, Texas for any legal action.

12.     For a contractual provision to prevent a party from exercising its right to removal, the provision must clearly and unequivocally state the intention to waive that right.[11] Ambiguous language will not be interpreted as an intent to waive a party's right to removal.[12] Courts consistently interpret mandatory provision clauses that state a location of venue as insufficient to establish waiver of the right to removal.[13] Therefore, Defendant J.S. Haren has not waived any right to removal to federal court. Similarly, Merchants Bonding's performance bond contains language that Nueces County, Texas is the exclusive venue for any legal action. Based upon the language and authority above, Merchants Bonding similarly did not waive any right to removal.

**C.     Subject matter jurisdiction exists because the amount in controversy exceeds $75,000.00.**

13.     Removal is proper where a defendant can show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional minimum.[14] Plaintiff's pled damages exceed the amount in controversy requirement for diversity jurisdiction under 28

---

[11] *See City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004) (citing *McDermott Int'l, Inc. v. Lloyd's Underwriters of London*, 944 F.2d 1199, 1212-13 (5th Cir. 1991)); *Waters v. Browning-Ferris Indus., Inc.*, 252 F.3d 796, 797 (5th Cir. 2001).
[12] *Grand View PV Solar Two, LLC v. Helix Elec.*, Inc., 847 F.3d 255, 258 (5th Cir. 2017).
[13] *See, e.g., Berry v. WPS, Inc.*, 2005 WL 1168412, at *2 (S.D. Tex. May 16, 2005) (holding a contract that stated "jurisdiction shall lie exclusively in Houston, Harris County, Texas," did not imply state rather than federal jurisdiction as "the clause does not specify a particular court in Houston as the exclusive forum for litigation."); see *also, e.g., Collin County v. Siemens Bus. Servs., Inc.,* 250 Fed. Appx. 45, 52 (5th Cir. 2007) (holding that "in removal cases, the use of the term 'county' rather than 'district' at the very least falls short of a clear and unequivocal waiver of federal jurisdiction.").
[14] *See St. Paul Reins. Co. Ltd. v. Greenburg*, 134 F.3d 1250, 1254 n.13 (5th Cir. 1998).

U.S.C. § 1332(b). The amount in controversy is the estimate of damages that will be put at issue, not the amount Plaintiff will actually recover.[15] Under Texas Rule of Civil Procedure 47, a plaintiff is required to plead one of the statutorily- prescribed ranges of damages.[16] In this matter, Plaintiff pled over $1,000,000 in damages. Plaintiff further substantiates and alleges its claimed damages throughout the petition by providing categories of damages allegedly incurred following the termination of Defendant's involvement with the Project. Plaintiff's Petition contains alleged damages for OSHA violation fines totaling $5,803.00,[17] emergency repairs to damage of wastewater equipment totaling $81,238.22,[18] damages associated with payment of a pump manufacturer totaling $18,007.00,[19] and contractual liquidated damages for 344 days of delays totaling $326,800.00.[20] As such, from the face of the petition, the amount in controversy plainly exceeds $75,000.00.[21]

14.     Further, prior to filing suit, Plaintiff issued a demand letter detailing the damages associated with Defendant's alleged incomplete work, as well as the increased expenses incurred in completion of the Project. Plaintiff alleges damages for incomplete work to total $437,900.59, damages for the rework performed on deficient or punch list items to total $125,170.00, and increased expenses totaling $680,769.40. Even taking into account the material on hand credit of $563,444.16, the alleged damages of $1,243,839.99 overcome the $75,000.00 amount in controversy hurdle.

---

[15] *S.W.S. Erectors, Inc. v. Infax, Inc.,* 72 F.3d 489, 492 (5th Cir. 1996).
[16] TEX. R. CIV. P. 47.
[17] *See* **Exhibit A ¶ 18.**
[18] *Id.* at **¶ 19.**
[19] *Id.* at **¶ 20.**
[20] *Id.* at **¶ 30.**
[21] *Id.* at **¶ 8.**

**D.     All procedural requirements for removal have been satisfied.**

15.     Defendant Merchants Bonding consents to the removal of the action pursuant to 28 U.S.C. § 1446(b)(2)(A).

16.     Defendants are contemporaneously filing a copy of this Notice of Removal with the County Court at Law No. 3 in Nueces County, Texas, as required by 28 U.S.C. § 1446(d).

## V.
### CONCLUSION

17.     This lawsuit is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. §1332 and is one which may be removed to this Court under 28 U.S.C. §§ 1441 and 1446. Further, removal to this judicial district and division is proper under 28 U.S.C. § 1441(a), as this district and division embraces Nueces County, Texas where the state court action was filed and is currently pending.

18.     In compliance with 28 U.S.C. § 1446(a) and the Southern District of Texas Local Rule LR 81, the following exhibits are attached:

**Exhibit A:**     Plaintiff's Original Petition (filed September 24, 2021);

**Exhibit B:**     Citation and Return of Service to J.S. Haren Company (October 11, 2021);

**Exhibit C:**     Citation and Return of Service to Merchants Bonding Company (Mutual) (October 11, 2021);

**Exhibit D:**     The State Court Docket Sheet;

**Exhibit E:**     A List of Counsel of Record;

**Exhibit F:**     Certificate of Interested Persons; and

**Exhibit G:**     Index of State Court Documents.

19.     For the foregoing reasons, Defendants J.S. Haren and Mutual Bonding respectfully removes the State Court Action to this Court and prays that this Court grant it all relief, at law or equity, to which it may be justly entitled. Defendants will file their initial

responsive pleading within seven (7) days of the date of this Notice of Removal, as required by Federal Rule of Civil Procedure 81(c)(2)(C).

## VI.

WHEREFORE, PREMISES CONSIDERED, Defendants J.S. Haren Company and Merchants Bonding Company (Mutual) pray for removal of the above entitled and numbered cause of action from the County Court at Law No. 3 of Nueces County, Texas to this Honorable Court, and for such other and further relief to which they may be justly entitled.

Respectfully submitted,

KANE RUSSELL COLEMAN LOGAN PC

By: /s/ *David R. Thrasher*
    David R. Thrasher
    State Bar No. 24027922
    Federal Bar No. 27205
    dthrasher@krcl.com
    Alexandra Beverly
    State Bar No. 24109644
    Federal Bar No. 3413375
    abeverly@krcl.com
    5051 Westheimer Road, 10th Floor
    Houston, Texas 77056
    Phone: 713-425-7415
    Fax:   713-425-7700

ATTORNEY FOR DEFENDANT, J.S. HAREN COMPANY

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the above and foregoing document has been sent to all known counsel by e-service, first class mail, telecopy, hand delivery and/or certified mail, return receipt requested on this the 26th day of October, 2021:

Jeffrey J. Lehrman
Donald W. Elliott, Jr.
Andrew W. Schuster
Anderson, Lehrman, Barre & Maraist, LLP
1001 Third Street, Suite 1
Corpus Christi, Texas 78404
*Attorneys for the City of Corpus Christi*

                                              */s/ David R. Thrasher*
                                              David R. Thrasher